UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |
|---|---|
| UNITED STATES, | CASE NO. 4:21-cr-00564 |
| Plaintiff, | ORDER<br>[Resolving Doc. 42] |
| v. |  |
| LEONARD ELLIS, |  |
| Defendant. |  |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Defendant Leonard Ellis pled guilty to one count of felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2).[1]

On March 2, 2022, the Court sentenced Defendant Ellis to fifty-six months imprisonment, with credit for time served, to be followed by three years of supervised release.[2] At Ellis's sentencing, the Court found that Ellis had six criminal history points for prior convictions and two status points for committing the offense while under a criminal justice sentence. The Court found Ellis had a Criminal History Category of IV.[3] With an offense level of 21, Defendant Ellis had a guideline sentencing range of fifty-seven to seventy-one months' imprisonment.[4] The Court sentenced Ellis to a sentence slightly lower than the Guidelines lower range.

---

[1] Doc. 1, PageID #1; Doc. 18, PageID #: 41.
[2] Doc. 35, PageID #: 162.
[3] *Id.* at PageID#: 150.
[4] *Id.* at PageID# 161, 162.

Case No. 4:21-cr-00564
GWIN, J.

Defendant Ellis now moves to reduce his sentence under 18 U.S.C. § 3582(C)(2) and United States Sentencing Guideline Amendment 821.[5] He asks for a reduction to forty-six months, the lower end of his presumptive new guidelines range.[6] The government does not oppose Ellis's proposed reduction to forty-six months.[7]

For the following reasons, the Court **GRANTS** Defendant Ellis's sentence reduction motion and sentences Defendant Ellis to **forty-six (46) months**.

## I.  LEGAL STANDARD

"Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute."[8] However, the Court may reduce a sentence under 18 U.S.C. § 3582(c)(2) if the Court based the original sentence "on a sentencing range that has subsequently been lowered by the Sentencing Commission."[9] The Court must consider whether the "authorized reduction is warranted, either in whole or in part, according to the factors set forth in [18 U.S.C.] § 3553(a)."[10]

Any reduction must also be "consistent with the applicable policy statements issued by the Sentencing Commission."[11] In reducing a defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2), the Court "shall substitute only the amendments listed in [§ 1B1.10(d)] for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected."[12]

---

[5] Doc. 42, PageID #: 178.
[6] *Id.* at PageID #: 179-80.
[7] Doc. 43, PageID #: 184.
[8] *United States v. Alexander*, 951 F.3d 706, 707 (6th Cir. 2019); 18 U.S.C. § 3582(c).
[9] 18 U.S.C. § 3582(c)(2).
[10] *Dillon v. United States*, 560 U.S. 817, 826 (2010) (citing U.S. Sent'g Guidelines Manual § 1B1.10 (U.S. Sent'g Comm'n 2015)).
[11] *Id.*
[12] U.S. Sent'g Guidelines Manual § 1B1.10(b)(1) (U.S. Sent'g Comm'n 2023).

- 2 -

Case No. 4:21-cr-00564
GWIN, J.

Pursuant to Amendment 825, the Sentencing Commission amended § 1B1.1(d) to include Amendment 821 in the list of retroactive amendments.

## II. DISCUSSION

Effective November 1, 2023, United States Sentencing Guidelines Amendment 821(A) eliminates "status points" for defendants with six or fewer criminal history points.[13]

Amendment 821(A) reduces Defendant Ellis's Criminal History Category from IV to III. Ellis's amended sentencing guideline range is forty-six to fifty-seven months. So, Defendant Ellis was earlier sentenced to a term of imprisonment based on a sentencing range that the Sentencing Commission has subsequently lowered.

The 18 U.S.C. § 3553(a) factors weigh in favor of reducing Defendant Ellis's sentence to forty-six months. Factors like those applied at Ellis's initial sentencing also apply at this time.

At his original sentencing, Defendant Ellis had only recently been released from a sentence following a felonious assault conviction. He also has a number of other adult convictions.[14] The instant offense involved a firearm in close proximity to drugs and a scale.[15]

Defendant Ellis had a relatively positive upbringing with an aunt, although his mother suffered from substance abuse issues and his father was absent.[16] He had gainful employment prior to the instant offense, but suffered from substance abuse issues.[17]

When Defendant Ellis was sentenced, the average sentence of a defendant with a Criminal History Category IV and offense level of twenty-one was fifty-six months; the

---

[13] *Id.*, § 4A1.1e.
[14] Doc. 35, PageID #: 161.
[15] *Id.*
[16] *Id.*
[17] *Id.* at PageID #: 162.

- 3 -

Case No. 4:21-cr-00564
GWIN, J.

median sentence was fifty-seven months.[18]  The Court notes that it previously sentenced Defendant Ellis at one month below the previous guideline range.

As a result, the Court finds it appropriate to reduce Defendant Ellis's sentence to forty-six months, at the lower end of the amended guideline range of forty-six to fifty-seven months.

### III.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant Ellis's motion and **REDUCES** Defendant Ellis's sentence to **forty-six (46) months**.  Except as otherwise provided in this order, all other terms of Ellis's original sentence remain in effect.

IT IS SO ORDERED.

Dated: July 16, 2024                    *s/     James S. Gwin*
                                        JAMES S. GWIN
                                        UNITED STATES DISTRICT JUDGE

---

[18] *Id.*